# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES E. BANISTER,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  25-00479-CV-W-BP |
| | ) | |
| NATIONSTAR MORTGAGE LLC, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING DEFENDANT GINNIE MAE REMIC TRUST 2017-009 WITHOUT PREJUDICE

This case was filed in state court in April 2025 and was removed to this Court on June 25, 2025.  The Court (1) dismissed Defendant CSM Foreclosure Trust Corp. ("CSM") without prejudice because it was fraudulently joined and (2) dismissed Nationstar Mortgage LLC ("Nationstar") with prejudice because Plaintiff failed to state a claim against it.  (Doc. 26; Doc. 28.)

Meanwhile, a third defendant—Ginnie Mae Remic Trust 2017-009 ("Ginnie Mae")—was not timely served.  On October 8, 2025, the Court issued an Order directing Plaintiff to show cause why Ginnie Mae should not be dismissed.  (Doc. 32.)  Plaintiff responded, and thereafter the Court issued an Order (1) requesting that Nationstar file information regarding how and where Ginnie Mae could be served and (2) extending the deadline for Ginnie Mae to be served to December 8, 2025.  (Doc. 35.)  The information requested from Nationstar was filed on November 3, 2025, (Doc. 44), but Ginnie Mae was not served before the December 8 deadline.  On December 17,

---

[1] In their Notice of Removal, Defendants spell Plaintiff's surname "Bannister."  In his own filings, Plaintiff spells his surname "Banister."  The Court utilizes Plaintiff's spelling.

2025, the Court issued an Order directing Plaintiff to serve Ginnie Mae and file a Return of Service by January 2, 2026. The Court advised Plaintiff that "[i]f these events do not occur, Ginnie Mae will be dismissed without prejudice for failure to serve. *See* Fed. Civ. P. 4(m)." (Doc. 48, p. 2.)

To date, Plaintiff has not filed a Return of Service reflecting that Ginnie Mae has been served. He has filed a document that purports to be a Return of Service reflecting that Nationstar and CSM were served, (Doc. 50), but even if they were properly served, this is insufficient to demonstrate service on Ginnie Mae. In fact, Plaintiff previously contended CSM had been served, and in its December 17 Order the Court advised service on the other Defendants was irrelevant because the issue to be addressed was service on Ginnie Mae. (Doc. 48, p. 1 n.2.)

The Court has provided notice to Plaintiff that the case would be dismissed if proof of service on Ginnie Mae was not filed by January 2, 2026. A Return of Service reflecting service on Ginnie Mae has not been filed. Accordingly, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Ginnie Mae is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

                                                /s/ Beth Phillips
                                                BETH PHILLIPS, JUDGE
DATE:  January 6, 2026                          UNITED STATES DISTRICT COURT